# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL LEE DUNSMORE, CDCR #AD-6237,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF CALIFORNIA; JOHN DOE, Director of Finance; RICHARD ROE, Agency or Agencies; JOHN DOE #2, Department of Justice,<br><br>Defendants. | Civil No.   12cv1936 JAH (DHB)<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING NO PARTIAL FILING FEE AND GARNISHING $ 350 BALANCE FROM PRISONER'S TRUST ACCOUNT PURSUANT TO 28 U.S.C. § 1915(a) [ECF No. 7]; and**<br><br>**(2) DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM AND AS FRIVOLOUS PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)** |

## I.

### Procedural History

Plaintiff, Darryl Lee Dunsmore, a state prisoner currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD") located in San Diego, California, and proceeding in pro se, initially filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 on August 6, 2012. (ECF No. 1). In addition, Plaintiff filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to

28 U.S.C. § 1915(a). (ECF No. 2). However, because Plaintiff failed to a certified copy of his prison trust account statement, as required pursuant to 28 U.S.C. § 1915(a), the Court denied Plaintiff's Motion to Proceed IFP and dismissed the action. (ECF No. 3). Plaintiff was given forty-five (45) days to file a new Motion to Proceed IFP, with a trust account statement, in order to reopen the action. (*Id.*) Although untimely, on March 6, 2013, this Court permitted Plaintiff to file a First Amended Complaint ("FAC"), along with a certified copy of his inmate trust account statement. (ECF Nos. 5, 7). The Court will now liberally construe Plaintiff's inmate trust account statement to be a pending Motion to Proceed IFP.

## II.

### MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, prisoners granted leave to proceed IFP remain obligated to pay the entire fee in installments, regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and

forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

The Court finds that Plaintiff has no available funds from which to pay filing fees at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [ECF No. 7] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

### III.

### SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

The PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the

1  plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2)
2  "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, the Court's
3  duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*,
4  839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases." *Ferdik v.*
5  *Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). However, in giving liberal interpretation to a
6  pro se civil rights complaint, the court may not "supply essential elements of claims that were
7  not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th
8  Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations
9  are not sufficient to withstand a motion to dismiss." *Id.*

10  Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person
11  acting under color of state law committed the conduct at issue, and (2) that the conduct deprived
12  the claimant of some right, privilege, or immunity protected by the Constitution or laws of the
13  United States. *See* 42 U.S.C. § 1983; *Nelson v. Campbell,* 541 U.S. 637, 124 S. Ct. 2117, 2122
14  (2004); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

15  While far from clear, it appears that Plaintiff is claiming that the PLRA is
16  unconstitutional, including the provision that requires garnishment of the civil filing fee from
17  prisoners. (*See* FAC at 20.) Plaintiff argues that his right to equal protection has been violated
18  and "it is unconstitutional to require a fee for that which the Constitution declares to be a free
19  exercise of a right." (*Id.*) "The Equal Protection Clause of the Fourteenth Amendment
20  commands that no State shall 'deny to any person within its jurisdiction the equal protection of
21  the laws,' which is essentially a direction that all persons similarly situated should be treated
22  alike." *City of Cleburne v. Cleburne Living Center*, 472 U.S. 432, 439 (1985).

23  Equal protection claims arise when a charge is made that similarly situated individuals
24  are treated differently without a rational relationship to a legitimate state purpose. *See San*
25  *Antonio School District v. Rodriguez*, 411 U.S. 1 (1972). In order to state a § 1983 claim based
26  on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must
27  show that similarly situated individuals were intentionally treated differently without a rational
28  relationship to a legitimate state purpose. *See Village of Willowbrook v. Olech*, 528 U.S. 562,

564 (2000).

However, the Ninth Circuit has specifically held that the "PLRA filing fee provisions satisfy rational basis scrutiny and thus do not violate an indigent prisoner's constitutional right to equal protection of the laws." *Taylor v. Delatoore*, 281 F.3d 844, 849-50 (9th Cir. 2002). Thus, Plaintiff is unable to allege an equal protection claim as it relates to the PLRA's filing fee provision.

Plaintiff's First Amended Complaint also sets forth claims that appear to be delusional. A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In his First Amended Complaint, Plaintiff alleges that from 2004 to 2010, unnamed "agencies" which he claims were "under the [Director] of Finance targeted, evaluated, studied, experimented with and entrapped said Plaintiff by instigating, invoking or other means through the use of psychological efforts or programs to induce a particular sought out behavior or by some other means to induce criminal activity of the Plaintiff." (FAC at 9.) As is the case with the majority of Plaintiff's First Amended Complaint, there are very few coherent sentences from which the Court could even attempt to liberally construe a constitutional claim. It is not clear who the Defendants are alleged to be and it is not clear what agencies Plaintiff is referring to throughout his First Amended Complaint. Thus, the Court finds the claims against the named Defendants in Plaintiff's First Amended Complaint to be frivolous because they lack even "an arguable basis either in law or in fact," and appear "fanciful," "fantastic," or "delusional." *Neitzke*, 490 U.S. at 325, 328.

### IV.

### CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No.7] is **GRANTED**.

2. The Secretary of California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of

the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. The Clerk of the Court is directed to serve a copy of this Order on Jeffrey Beard, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

**IT IS FURTHER ORDERED** that:

4. Plaintiff's First Amended Complaint is **DISMISSED** without prejudice as frivolous and for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a Second Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. Cal. Civ. L. R. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Further, if Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

5. The Clerk of Court is directed to mail a form § 1983 complaint to Plaintiff.

**IT IS SO ORDERED.**

DATED: March 20, 2013

_____
**HON. JOHN A. HOUSTON**
United States District Judge